Complaint for a Declaratory Judgment and Mandamus
Relief for Denial of U.S. I-601 Application that was Based on Unconstitutional
Grounds And Arbitrary and Capricious Actions

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Eduardo LEDESMA PAREDES,
4620 Havre Way, Pensacola, FL 32505;
and
Vicky LEDESMA,
4620 Havre Way, Pensacola, FL 32505

Reference to case: 1:20-cv-1255

         Plaintiff(s),

vs.

William BARR, Attorney General,
Serve: 950 Pennsylvania Avenue, NW
Washington, DC 20530-0001;
Mike POMPEO, Secretary of State,
Serve: Executive Office, Office of the
Legal Advisor, Suite 5.600, 600 19th St
NW, Washington, D.C. 20522;
Chad WOLF, Acting Secretary of
Homeland Security,
Serve: Office of the General Counsel,
Department of Homeland Security,
Mail Stop 3650, Washington, D.C. 20528;
Kenneth CUCCINELLI, Director, U.S.
Citizenship and Immigration Services,
Serve: U.S. Citizenship & Immigration
Services, 425 I St NW, Room 6100,
Washington, D.C. 20536;
Brian Lutz, Associate Director, Nebraska
Service Center,
Serve: 850 S St, Lincoln, NE 68508
John/Jane Doe, Adjudicator

         Defendant(s).

_____

## NATURE OF THE ACTION

1. This is a civil action brought by plaintiffs pursuant 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201(declaratory judgement) and 5 U.S.C. § § 703, 704, and 553 (the Administrative Procedure Act, or "APA"), seeking judicial review in the form of a declaratory judgment on the final decision of the United States Citizenship and Immigration Services. Specifically, that the Nebraska Service Center, a part of the Department of Homeland Security, is utilizing a section of the INA that is void for vagueness and also improperly denied, through arbitrary and capricious actions, the application for an I-601 Waiver of Inadmissibility submitted by Eduardo Ledesma Paredes.

2. Plaintiffs are using 8 CFR § 212.7(d) to review this case and we argue this section of law is void for vagueness. The US Supreme Court has declared 18 U.S.C. § 16(b) is void for vagueness. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Thus, 8 CFR § 212.7(d) is even more vague, as there are absolutely no statutory definitions to aid in understanding what a 'violent or dangerous crime is' and deciders have had to "look to" 18 U.S.C. § 16 for aid in understanding what the term might mean. As it is an unconstitutional means of evaluating a crime it is not permissible to apply it in any case, including this one

3. Plaintiffs also ask the Court to compel Defendants to decide the I-601 application in line with a decision that 8 CFR § 212.7(d) is unconstitutional.

4. Plaintiffs also ask the Court to compel Defendants to decide the I-601 application in a non-capricious or arbitrary manner, as the current review of the facts is impermissible under precedential law. I-601 applications require proof that rises to

a preponderance of the evidence but the Government is demanding a much higher level of evidence and that is illegal.

6. Plaintiffs also asks the Court to award injunctive relief, attorneys' fees, and any other relief the Court deems appropriate in this matter.  As is evidenced by the allegations of this Complaint, Plaintiffs are without adequate remedy at law and Defendants' conduct has caused and will continue to cause irreparable harm absent injunctive relief.

<u>JURISDICTION</u>

7. This action arises under the United States Constitution and the statutes of the United States including the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1181; 8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1201; and 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question). Based on federal question jurisdiction, the Court may review Defendants' actions or omissions that violate the Constitution and the statutes under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. (declaratory relief).

8. Further, this court also has jurisdiction to consider constitutional claims and questions of law under the INA, including those arising from the denial of waivers of inadmissibility.  *See* 8 U.S.C. § 1252(a)(2)(D) (courts retain jurisdiction to review "constitutional claims or questions of law" under INA); *Camacho-Salinas v. U.S. Att'y Gen.*, 460 F.3d 1343, 1347 (11th Cir. 2006) (court retains jurisdiction to review constitutional claims and questions of law related to the denial of waiver of inadmissibility).

VENUE

9. Venue in this district is proper under 28 U.S.C. § 1391(e) because no real
property is involved in the action and Defendants hold their offices in Washington,
D.C.

PARTIES

10. Plaintiff Eduardo Ledesma Paredes is the beneficiary of an approved I-130
Petition for Alien Relative filed by Plaintiff Vicky Ledesma.  Plaintiff Eduardo
Ledesma Paredes then applied for his Immigrant Visa at the US Embassy in
Mexico.

11. Defendant Chad Wolf is sued in his official capacity as the Acting Secretary of
the Department of Homeland Security.  In this capacity he has responsibility for
the administration of the immigration laws pursuant to 6 U.S.C. § 251.

12. Defendant Mike Pompeo, is sued in his official capacity as Secretary of State
of the United States Department of State ("State Department").  As Secretary of
State, Mr. Pompeo is responsible for the overall administration the Department of
State, including the Bureau of Consular Affairs, which is responsible for issuance
of immigrant visas under the immigration laws of the United States.

13. Defendant Kenneth Cuccinelli is sued in his official capacity as Director of
United States Citizenship and Immigration Services. As such, Mr. Cuccinelli is
responsible for the overall administration of all applications made to the United
States Citizenship and Immigration Services under the immigration laws of the
United States.

14. Defendant Brian Lutz, is sued in his official capacity as Associate Director,

Nebraska Service Center.  As such, Ms. Lutz is responsible for the overall administration of the waiver process under the immigration laws of the United States.

15. Defendants John and Jane Doe Adjudicators 1 through 1000 are sued in their official capacity as U.S. officers of the State Department, responsible for the granting or refusal of waivers.  Defendants identified in paragraphs 9 through 11 are collectively referred to as the "USCIS".

<u>STATEMENT OF FACTS</u>

16. Plaintiff Vicky Ledesma is a United States Citizen.  Plaintiff Eduardo Ledesma Paredes is her husband.

17. The spouse of a U.S. citizen may, if other criteria are met, apply for an immigrant visa to enter the U.S. with the status of a lawful permanent resident. Vicky Ledesma filed exactly such a petition through an I-130, which was approved on October 8, 2014  Exhibit One, I-130 Approval.

18. Upon approval of the I-130 it is forwarded to the U.S. Department of State through the Embassy with jurisdiction over the beneficiary, who then becomes an Applicant for Immigrant Visa at the Consulate.  At his consular interview on October 27, 2015 Mr. Ledesma was denied due to his prior removal from the United States, his time without lawful presence, and criminal charges.  These charges led to the question now before the court.

19. In recognition of the special place that spouses of U.S. citizens hold in immigration law, Congress has mandated that it shall be the policy of the U.S. Citizenship and Immigration Services to review applications for a waiver of

criminal inadmissibility for a spouse of a U.S. citizen.  8 U.S.C. § 1182(h).

20. This is done through an I-601 Waiver of Inadmissibility which Plaintiffs filed and which was denied initially on January 18, 2017.  Exhibit Two, Initial Denial of the I-601.  The case was then appealed to the Administrative Appeals Office ("AAO"), the only means for appealing such decisions, on September 11, 2017. Exhibit Three, Denial of the appeal by the AAO.  Two successive Motions to Reconsider were filed with the AAO, both were denied.

21. In the initial denial the District Director stated that Mr. Ledesma had established "extreme hardship" which normally would have allowed for the approval of the I-601 waiver and therefore the Immigrant Visa ('green card').  *See* Exhibit Two, page 2, paragraph 3.  However, the District Director then found Mr. Ledesma's conviction to be one for a "violent or dangerous crime" and therefore required an even higher standard of hardship.

22. This term, "violent or dangerous crime", comes from 8 CFR § 212.7(d), which is the unconstitutional section of law in question.  8 CFR § 212.7(d) is void for vagueness; just as 18 U.S.C. § 16(b) is void for vagueness.  *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  Indeed, 8 CFR § 212.7(d) is even more vague, as there are absolutely no statutory definitions to aid in understanding what a 'violent or dangerous crime is' and deciders have had to "look to" 18 U.S.C. § 16 for aid in understanding what the term might mean.

23. However, the references to 8 U.S.C. § 16 in case law are almost always followed with the explanation that the terms are not synonymous and therefore 'violent or dangerous' will be understood based upon "plain or common meaning of its terms, consistent with any published decisions addressing discretionary denials under 8 CFR § 212.7(d)" *AAO decision dated May 27 2010 from Chicago*

*Illinois* (Finding Illinois domestic battery not categorically a 'violent or dangerous crime' and finding extreme and exceptional hardship where children would be uprooted when one had ADHD and another a difficult past, they did not speak Spanish, and financial hardship would ensue). Exhibit Four, AAO decision dated May 27, 2010 from Chicago Illinois.

24. This sometimes mean that deciders look to definitions like Black's Law dictionary eighth edition 2004, which defines violent as "of relating to or characterized by strong physical force", or "vehemently or passionately threatening" and dangerous as "perilous; hazardous; unsafe "or "likely to cause serious bodily harm".

25. However, all of these attempts at definition still leave it entirely up to the decider to make a judgment call on what is "dangerous" and what is "violent" and this makes the statute one that where an average citizen cannot generally determine what conduct is prohibited, since nearly any or all conduct could be. Indeed, that vagueness is what allowed *Waldron v. Holder*, 688 F.3d 354 (8 Cir. 2012) to stand.  In that case the BIA decided that hitting someone with an unbroken martini glass qualifies as a 'violent or dangerous crime'.  This means that the term 'violent or dangerous' becomes so all encompassing that crimes that are categorically not CIMTs are now deemed 'violent or dangerous' and this works entirely against both reason and the legal construction of the law.

26. Congress created the term Crime Involving Moral Turpitude (CIMT) as grounds for both removal and inadmissibility.  The BIA and courts have construed the meaning of CIMTs as requiring higher levels of 'vile intent' than normal crimes and partly that is because the punishment of removal or inadmissibility is so grave.  Congress, however, gave the ability to garner a waiver of said crimes through the demonstration of 'extreme hardship'.

27. Now, through this regulation that was not vetted by Congress, the vagueness of the term 'violent or dangerous' has led to many respondents having to prove the even higher level of 'extreme and unusual hardship' even when they would never be required to prove 'extreme hardship' (as their crimes are not deemed so 'vile' as to rise to the level of a CIMT).  This is not logical and creates an impermissible delegation of basic policy matters to adjudicators "for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972), quoted in *Village of Hoffman Estates v. The Flipside*, 455 U.S. 489, 498 (1982).

28. Instead of logical enforcement of immigration standards we have currently an arbitrary system where crimes that neither Congress, the BIA, or the courts would deem worthy of the heightened need to show 'extreme hardship' suddenly require this showing of 'extreme and exceptional' hardship because an adjudicator said so. As decisions based upon discretion are not reviewable by the courts this arbitrary system is compounded.  Adjudicators are allowed to supersede the intent on the law (to punish more serious crimes with a higher level of hardship requirement) with impunity.

29. As it is such a vague means of evaluating a crime 8 CFR § 212.7(d) is not permissible to apply it in any case, including this one.

30. As the basic review of the facts in this case were done through the prism of an unconstitutional section of immigration law the initial denial and successive denials by the AAO should all be invalidated and a declaratory judgement entered by the Federal Court mandating the I-601 be reviewed with the appropriate level of hardship.

31. The Government's successive decisions not only utilized this unconstitutional standard of hardship under 8 CFR § 212.7(d), they also appeared to ignore the overwhelming evidence to Mr. Ledesma Paredes good character.  The AAO instead found that Mr. Ledesma did not deserve the discretion of approval. Exhibit Five, AAO denials of Motions to Reconsider.

32. Mr. Ledesma Paredes has actually saved the lives of two of his neighbors. This seems to have no weight in the denial of his case but it should.  Many very good people still will not rush into danger to help another person, Mr. Ledesma Paredes did not once, but two times.  Once into a home that at risk of collapse with a car at risk of explosion from the crash. The other rescue happened when he dealt with a home invasion against an older neighbor.  That neighbor even recounted how Mr. Ledesma Paredes kept calm throughout that attack.  If he can keep calm and avoid violence in such a threatening situation then he is a stable human being with great positive attributes that deserve discretion.

33. the AAO also seems to ignore Mr. Ledesma Paredes has a large part of his community and family attesting to his hard work and good character.  One of his friends writes again, and explains the embarrassing fact he was once homeless and Mr. Ledesma Paredes actually helped him get out of that situation with encouragement, food, and aiding in finding employment.   How many people take on the aid for a homeless young man - not many.

34. The AAO also seems to give no weight to all of Mr. Ledesma Paredes' successful completion of all his court mandated punishments.

35. The AAO also seems to give no weight to all to the fact that Mr. Ledesma has freely admitted to part of the criminal charges in his record; that he threw back a cup that had been thrown at him by another driver.  He also mentions how he

came to understand just how dangerous that act was and that knee jerk reactions to threats are never good; he states he has learned to think through all reactions.

36. The AAO instead hinges its decisions on the fact that Mr. Ledesma Paredes states he did not have a knife on his person during the criminal incident they are calling "violent or dangerous".  The AAO ignores the evidence from the police report and numerous eyewitnesses that all attest that Mr. Ledesma Paredes had no knife on his person.

37. The evidence proffered shows by far more than a 'preponderance of the evidence' Mr. Ledesma Paredes has stated the truth all through his immigration case and that he has shown good character.
.
38. The government continues to ignore evidence that goes beyond a 'substantial evidence standard' and enters into the realm of 'beyond a reasonable doubt'.

39. To ignore evidence that goes beyond a 'substantial evidence' standard and enters into the realm of 'beyond a reasonable doubt' is capricious and arbitrary at best and an abuse of power at worst.

40. The Government's continued rejection of evidence being provided that it is so clear and convincing allows this Court to make a declaratory judgment on the evidence and his ability to qualify for a waiver.

41. The Plaintiffs face real and irreparable injury if the validity of these documents is not reviewed by this court and their applicability to this case assessed.

## EXHAUSTION

42. Plaintiffs have exhausted their administrative remedies. They have provided all the information and evidence necessary for a positive adjudication of the application and there is no other means to request an appeal.

## PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiffs pray that the Court:

43. Assume jurisdiction over this matter;

44. Plaintiffs respectfully request the Court enter an order:

(a) declaring that Defendants' conclusion that the Plaintiff did not provide adequate evidence of his eligibility a waiver is unlawful pursuant to the APA, 5 U.S.C. §§ 706, 553, and the First Amendment to the Constitution;

(b) compelling Defendants to approve Plaintiff's application under section to 301(a)(7).) of the INA pursuant to 5 U.S.C. § 706(1), 28 U.S.C. §§ 2201, 2202,1361;

(c) awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees incurred in connection with this litigation; and

(d) granting such other relief at law or in equity as justice may require.

///

///

///

Dated: May 13, 2020                    Respectfully submitted,


                                       /s/ Lizz Cannon
                                       * Lizz Cannon, Esq., FLSBN 65667
                                       100 South Ashley Dr., Suite 600
                                       Tampa, FL 33602
                                       Phone 617-806-6450
                                       lizz@lizzcannonlaw.com


Dated: May 13, 2020                    /s/ Bashir Ghazialam
                                       Bashir Ghazialam, Esq., CASBN 212724
                                       LAW OFFICES OF BASHIR GHAZIALAM
                                       P.O. Box 928167
                                       San Diego, California 92192
                                       Phone (619) 795-3370
                                       Facsimile (866) 685-4543
                                              Email bg@lobg.net


                                       *Motion for pro hac vice admission
                                       forthcoming

                                       Attorneys for Plaintiffs