**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| EDUARDO LEDESMA PAREDES and VICKY LEDESMA, <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, <br><br>　　　　　Defendants. |

Civil Action No. 20-1255 (EGS)

**MEMORANDUM OPINION**

## I.   Introduction

Plaintiffs Eduardo Ledesma Paredes ("Mr. Ledesma Paredes") and Vicky Ledesma ("Ms. Ledesma") (collectively, "Plaintiffs") bring this action asserting constitutional claims and claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.,* in connection with Mr. Ledesma Paredes' application for admission to the United States ("U.S.") under an immigrant visa pursuant to the requirements of the Immigration and Nationality Act ("INA"). *See* Am. Compl., ECF No. 19 at 2-3, 5-6.[1] Mr. Ledesma Paredes, a citizen of Mexico currently residing in Mexico, Ex. 2

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

to Compl., ECF No. 1-3 at 5; sought admission to the U.S. and to adjust his immigration status to that of a lawful permanent resident based on his spousal relationship to Ms. Ledesma, a U.S. citizen, Am. Compl., ECF No. 19 at 5-6. The U.S. Citizenship and Immigration Services ("USCIS") determined that he was ineligible for: (1) admission to the U.S., *i.e.*, statutorily "inadmissible;" and (2) a waiver of that inadmissibility, and therefore denied his application, including various subsequent appeals to its Administrative Appeals Office ("AAO"). *Id.* Plaintiffs, challenging these decisions, have sued various federal government officials in their official capacities, including Merrick Garland, the U.S. Attorney General; Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security; Ur Jaddou, Director of USCIS; Lorne Miller, Director of the USCIS Nebraska Service Center ("NSC"); and John and Jane Doe Adjudicators 1 through 1000 "as U.S. officers of the State Department, responsible for the granting or refusal of waivers" (collectively, "Defendants" or "USCIS").[2] *Id.* at 4-5.

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint. *See* Defs.' Mot., ECF No. 21; Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. ("Defs.' Mem."), ECF No. 21-

---

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current government officials holding these positions are "automatically substituted as" Defendants for their predecessors.

1. Upon careful consideration of Plaintiffs' Amended Complaint,[3] the pending motion, the opposition, the reply thereto, and the applicable law and regulations, the Court **GRANTS** Defendants' Motion to Dismiss, ECF No. 21; and **DISMISSES** Plaintiffs' Amended Complaint, ECF No. 19.

## II. Background

### A. Statutory and Regulatory Background

The INA provides that individuals born in a foreign country "who may be issued immigrant visas or who may otherwise acquire the status of an alien lawfully admitted to the [U.S.] for permanent residence are limited to[,]" among other categories, the "'immediate relatives' . . . of a citizen of the [U.S.]," meaning "the children, spouses, and parents of" that U.S. citizen. 8 U.S.C. § 1151(a)-(b)(2)(A)(i); *see also* 8 U.S.C. § 1204 (permitting the issuance of immigrant visas to an "immediate relative" of a U.S. citizen "upon satisfactory proof . . . that the applicant is entitled to . . . immediate relative status"). However, qualifying foreign nationals are deemed "inadmissible aliens," *i.e.*, "ineligible to receive visas and ineligible to be admitted to the [U.S.,]" if they satisfy the

---

[3] "Because [Plaintiffs'] amended complaint supersedes the original complaint, the amended complaint is now the operative complaint." *Nat'l City Mortg. Co. v. Navarro,* 220 F.R.D. 102, 106 (D.D.C. 2004) (citing *Washer v. Bullitt Cnty.,* 110 U.S. 558, 562, 4 S. Ct. 249, 28 L. Ed. 249 (1884)).

criteria for certain grounds of inadmissibility. *See* 8 U.S.C. §
1182(a)(1)-(10) (detailing the various grounds of
inadmissibility, including, among others, "health-related
grounds," "criminal and related grounds," "security and related
grounds," "illegal entrants and immigration violators" grounds,
and "aliens previously removed" grounds).

Three grounds of inadmissibility are relevant here. First,
under section 212(a)(2)(A) of the INA, a foreign national is
inadmissible to the U.S. if he has been convicted of, or admits
to having committed, a crime involving moral turpitude ("CIMT")
or a violation of state or federal law relating to a controlled
substance. *Id.* § 1182(a)(2)(A)(i). Second, under section
212(a)(9)(B)(i) of the INA, a foreign national is inadmissible
if he was unlawfully present in the U.S. for one year or more
and "again seeks admission within [ten] years of the date of
[his] departure or removal from the [U.S.]" *Id.* §
1182(a)(9)(B)(i)(II). Third, under section 212(a)(9)(A)(ii) of
the INA, a foreign national who has been ordered removed or who
departed from the U.S. while an order of removal was
outstanding, "and who seeks admission within [ten] years of the
date of [his] departure or removal (or within [twenty] years of
such date in the case of a second or subsequent removal or at
any time in the case of an alien convicted of an aggravated
felony) is inadmissible." *Id.* § 1182(a)(9)(A)(ii).

Although a foreign national who meets the criteria for any one of these three grounds is deemed an "inadmissible alien," USCIS may grant a discretionary waiver of that inadmissibility "if refusal of admission would result in extreme hardship to a qualifying relative." Ex. 2 to Compl., ECF No. 1-3 at 5.

First, USCIS may waive inadmissibility resulting from a foreign national's criminal history involving a CIMT or a controlled substance violation relating to "a single offense of simple possession of 30 grams or less of marijuana . . . in the case of an immigrant who is the spouse . . . of a citizen of the [U.S.,]" and "if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to" that U.S. citizen spouse. 8 U.S.C. § 1182(a)(2)(F), (h)(1)(B)-(h)(2). The Attorney General, "in his discretion" (through USCIS as his designee), must then consent to the foreign national "applying or reapplying for a visa, for admission to the [U.S.], or adjustment of status[,]" and "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." *Id.* § 1182(h)(2). By regulation, the Attorney General generally "will not favorably exercise discretion under section 212(h)(2) of the [INA] (8 U.S.C. § 1182(h)(2)) . . . in cases involving violent or dangerous crimes, except in extraordinary circumstances, such as those involving national

security or foreign policy considerations, or cases in which an alien clearly demonstrates that the denial of the application for adjustment of status or an immigrant visa or admission as an immigrant would result in exceptional and extremely unusual hardship." 8 C.F.R. § 212.7(d). However, even if such exceptional hardship is established, "depending on the gravity of the alien's underlying criminal offense, a showing of extraordinary circumstances might still be insufficient to warrant a favorable exercise of discretion . . . ." *Id.*[4]

Second, the Attorney General, in his "sole discretion" via USCIS, may waive inadmissibility resulting from a foreign national's prior unlawful presence upon a showing that denial of admission would result in extreme hardship to the individual's U.S. citizen spouse (or other qualifying relative). 8 U.S.C. § 1182(a)(9)(B)(v). This section of the INA also states that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." *Id.* Additionally, by regulation, "USCIS has exclusive jurisdiction to grant a provisional unlawful presence waiver" of

---

[4] This standard was initially set forth in *Matter of Jean*, 23 I. & N. Dec. 373 (A.G. 2002), in the context of a discretionary waiver under section 209(c) of the INA (8 U.S.C. § 1159(c)) pertaining to refugees, and for asylum applicants under section 208 of the INA (8 U.S.C. § 1158). *Waiver of Criminal Grounds of Inadmissibility for Immigrants*, 67 Fed. Reg. 78,675, 78,676-77 (Dec. 26, 2002) (to be codified at 8 C.F.R. pt. 212). It was later codified in 8 C.F.R. § 212.7(d) in 2002. *Id.* at 78,677.

inadmissibility for foreign nationals "who are pursuing consular immigrant visa processing[,]" meaning they are presently located outside of the U.S. and are applying for admission to the U.S. at a U.S. Department of State consulate abroad. 8 C.F.R. § 212.7(e)(1); *see Consular Processing*, USCIS, https://www.uscis.gov/green-card/green-card-processes-and-procedures/consular-processing (last visited Oct. 3, 2023).

Finally, a foreign national's inadmissibility resulting from a prior order of removal from the U.S. may also be waived "if, prior to the date of the alien's reembarkation at a place outside the [U.S.] or attempt to be admitted from foreign contiguous territory, the Attorney General has consented to the alien's reapplying for admission." 8 U.S.C. § 1182 (a)(9)(A)(iii).

Because "[a] foreign national seeking to be admitted to the [U.S.] as an immigrant or to adjust status must be 'admissible' or receive a waiver of inadmissibility[,]" failure to establish admissibility or alternatively receive a discretionary waiver of that inadmissibility from USCIS will result in the denial of the foreign national's application for admission. Ex. 2 to Compl., ECF No. 1-3 at 5.

**B. Factual and Procedural Background**

The following facts reflect the allegations in the Complaint and the documents incorporated by reference therein,[5] which the Court assumes are true for the purposes of deciding this motion and construes in Plaintiffs' favor. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015).

Mr. Ledesma Paredes, a native and citizen of Mexico currently residing in Mexico, Ex. 2 to Compl., ECF No. 1-3 at 5; is married to Ms. Ledesma, a U.S. citizen, and seeks admission to the U.S. based on this spousal relationship, Am. Compl., ECF No. 19 at 5 ¶¶ 15-16. Under the INA, "[t]he spouse of a U.S.

---

[5] Plaintiffs included various exhibits to their original Complaint, which are enumerated and described in a declaration from their attorney, Lizz Cannon. *See* Exs. 1-5 to Compl., ECF No. 1-3 at 1-41; Am. Decl. of Lizz Cannon, ECF No. 5 at 1-2. They did not refile these exhibits with their Amended Complaint but still refer to and incorporate those exhibits in that pleading, and an updated declaration from their attorney also lists the original exhibits as exhibits to the Amended Complaint, in addition to a new sixth exhibit. *See* Am. Decl. of Lizz Cannon, ECF No. 19-2 at 1-2; Ex. 6 to Am. Compl., ECF No. 19-3 at 1-5. "Although a court generally cannot consider matters beyond the pleadings at the motion-to-dismiss stage, it may consider 'documents attached as exhibits or incorporated by reference in the complaint . . . . '" *Patrick v. Dist. of Columbia*, 126 F. Supp. 3d 132, 135 (D.D.C. 2015) (citation omitted); *see also EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice."). Therefore, the Court considers in full the exhibits attached to both Plaintiffs' Complaint and Amended Complaint.

citizen may, if other criteria are met, apply for an immigrant visa to enter the U.S. with the status of a lawful permanent resident." *Id.* ¶ 16. This process is initiated when the U.S. citizen spouse (the petitioner) files "Form I-130, Petition for Alien Relative," which "is the first step in helping an eligible relative apply to immigrate to the [U.S.] and get a Green Card[,]" and is generally approved if sufficient evidence establishing the qualifying relationship between the petitioner and the foreign national (the beneficiary) is provided. *I-130, Petition for Alien Relative*, USCIS, https://www.uscis.gov/i-130 (last visited Oct. 3, 2023). Ms. Ledesma filed an I-130 petition on behalf of Mr. Ledesma Paredes, which was received by USCIS on December 31, 2013, and approved by USCIS on October 8, 2014, thus establishing their spousal relationship. *See* Ex. 1 to Compl., ECF No. 1-3 at 2; Am. Compl., ECF No. 19 at 5 ¶ 16.

An approved I-130 petition for foreign nationals residing outside of the U.S. is "forwarded to the U.S. Department of State through the Embassy with jurisdiction over the beneficiary, who then becomes an Applicant for Immigrant Visa at the Consulate." Am. Compl., ECF No. 19 at 5 ¶ 17. As a result, Mr. Ledesma Paredes visited a U.S. consulate in Mexico to seek a visa through the U.S. Department of State. *Id.* at 4 ¶ 10, 5 ¶ 17. At his consular interview on October 27, 2015, Mr. Ledesma Paredes was denied a visa "due to his prior removal from the

[U.S.], his time without lawful presence [in the U.S.], and [prior] criminal charges[,]" all of which rendered him inadmissible to the U.S. under the INA. *Id.* at 5-6 ¶ 17; *see generally* 8 U.S.C. § 1182(a). These prior criminal charges included 2011 convictions for marijuana possession and theft and a 2013 conviction "for aggravated assault with a deadly weapon without intent to kill, battery-touch or strike, and throwing a deadly missile at, within, or in an occupied vehicle[,]" which amounts to a CIMT. Ex. 5 to Compl., ECF No. 1-3 at 35; *see also* Ex. 2 to Compl., ECF No. 1-3 at 5 ("The Applicant has been found inadmissible for a [CIMT], a controlled substance violation, and for unlawful presence.").

"In recognition of the special place that spouses of U.S. citizens hold in immigration law, Congress has" provided discretion to USCIS "to review applications for a waiver of [ ] inadmissibility for a spouse of a U.S. citizen" based on extreme hardship to that U.S. citizen spouse, which is initiated when the inadmissible foreign national submits "Form I-601, Application for Waiver of Grounds of Inadmissibility" to USCIS for review. Am. Compl., ECF No. 19 at 6 ¶¶ 18-19 (citing 8 U.S.C. § 1182(h)). In line with this procedural process, after the U.S. Department of State denied his visa application, Mr. Ledesma Paredes submitted Form I-601 to USCIS, seeking a waiver of his various grounds of inadmissibility. *Id.* ¶ 19. The

Director of USCIS' NSC denied his I-601 application on January
18, 2017, concluding that "although [he] had shown that his
spouse was suffering extreme hardship, he did not merit the
favorable exercise of discretion." *Id.*; Ex. 2 to Compl., ECF No.
1-3 at 5. The Director concluded that Mr. Ledesma Paredes'
"conviction was for a violent or dangerous crime" and that he
"did not meet the heightened discretionary [hardship] standard
applicable to individuals convicted of a violent or dangerous
crime." Ex. 2 to Compl., ECF No. 1-3 at 5; *see* 8 C.F.R. §
212.7(d) (requiring a showing of "exceptional and extremely
unusual hardship" to the U.S. citizen spouse for an inadmissible
"immigrant alien" with a history of "violent or dangerous
crimes" to receive a favorable exercise of discretion).

Following this denial, Mr. Ledesma Paredes appealed to
USCIS' AAO, "the only means for appealing such decisions." Am.
Compl., ECF No. 19 at 6 ¶ 19. On appeal, he did not contest the
NSC Director's findings of inadmissibility due to his unlawful
presence and convictions for a CIMT and a controlled substance
violation, but he argued that he merited a favorable exercise of
discretion because his convictions were not for violent or
dangerous crimes. Ex. 2 to Compl., ECF No. 1-3 at 5-6.

The AAO rejected this argument, and on September 11, 2017,
it denied and dismissed Mr. Ledesma Paredes' appeal, concluding
that he did "not merit the favorable exercise of discretion"

because it found his prior CIMT conviction to be both "violent" and "dangerous." *Id.* at 5-7. The AAO noted that "[c]ourt documentation in the record show[ed] that on May 7, 2013, in the state of Florida, [Mr. Ledesma Paredes] was convicted of aggravated battery with a deadly weapon without the intent to kill." *Id.* at 7. The arrest report indicated that this conviction resulted from an altercation on a roadway in which Mr. Ledesma Paredes "threw a heavy glass at another driver, hitting him in the arm, and later threatened the driver with a knife." *Id.* After looking to the specific circumstances, statutory elements, and nature of the offense, the AAO concluded that this crime was "violent" because Mr. Ledesma Paredes threatened another person with a knife and threw a heavy object at that person, and "dangerous" because the alteration occurred while he and the other individual were driving on a roadway. *Id.* The AAO then turned to whether Mr. Ledesma Paredes had submitted sufficient evidence establishing that the denial of his application would result in "exceptional and extremely unusual hardship"—beyond that of ordinary hardship—to Ms. Ledesma, who suffers from various documented medical conditions. *Id.* at 7-8. After reviewing the sum of Mr. Ledesma Paredes' hardship evidence, the AAO concluded, as did the USCIS NSC Director, that although he had established extreme hardship to Ms. Ledesma if his waiver was denied, he had not established that he merited "a

favorable exercise of discretion under the heightened discretionary standard for individuals convicted of violent or dangerous crimes." *Id.* at 8-9.

Because the AAO concluded that Mr. Ledesma Paredes was both inadmissible and ineligible for an I-601 waiver of his grounds of inadmissibility, it also declined to disturb the NSC Director's discretionary decision not to grant his "Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal." *See* Ex. 3 to Compl., ECF No. 1-3 at 12. Having been previously ordered removed from the U.S. in 2014, Mr. Ledesma Paredes was required to seek permission to reapply for admission pursuant to section 212(a)(9)(A)(ii) of the INA, *see* 8 U.S.C. § 1182(a)(9)(A)(ii); but because the AAO dismissed his appeal of the denial of his waiver application, it concluded on the same day, September 11, 2017, that "no purpose would be served in granting [his] application for permission to reapply for admission[,]" Ex. 3 to Compl., ECF No. 1-3 at 12-13.

Following the AAO's denial of his appeal, Mr. Ledesma Paredes filed a motion asking the AAO to reopen and reconsider its decision and included new evidence to support his waiver application. Am. Compl., ECF No. 19 at 6 ¶ 19; *see* Ex. 5 to Compl., ECF No. 1-3 at 33 (explaining that "[a] motion to reconsider is based on an *incorrect application of law or*

13

*policy*, and a motion to reopen is based on documentary evidence of *new facts*"). Based on this additional evidence, the AAO concluded that he had "submitted sufficient evidence to establish exceptional or extremely unusual hardship[,]" as the record indicated that Ms. Ledesma's medical and mental health conditions had worsened and that she might become permanently disabled due to her medical conditions. Ex. 5 to Compl., ECF No. 1-3 at 34. Nonetheless, the AAO concluded that Mr. Ledesma Paredes' criminal history, including his 2013 CIMT conviction for a "violent" and "dangerous" crime and his 2011 convictions for marijuana possession and theft, coupled with numerous immigration violations (including entry to the U.S. without being admitted, a prior order of removal, and periods of unlawful presence and employment in the U.S.) were of such "gravity" that a favorable exercise of discretion remained unwarranted when balancing the adverse factors against the positive ones in his case. *See id.* at 34-36 (citing 8 C.F.R. § 212.7(d)). Of particular significance to the AAO was that Mr. Ledesma Paredes had not taken responsibility for his criminal actions and had instead attempted to collaterally attack the propriety of his convictions in his application for a waiver of inadmissibility and his subsequent appeals of the denial of that waiver. *See id.* at 35-36. "Based on the nature, severity, and recency of his crimes, his failure to take responsibility for

his past criminal activity, as well as [his] immigration violations," the AAO concluded that Mr. Ledesma Paredes' "waiver application remain[ed] denied as a matter of discretion[,]" and it denied his motion to reopen and reconsider its prior decision. *Id.* at 36.

Mr. Ledesma Paredes then filed another motion to reconsider with the AAO, in which he submitted additional evidence and "urge[d]" the AAO to consider evidence of his rehabilitation, his compliance with the penalties imposed on him, and "his previous statements that he was in fact innocent of the crimes but pleaded guilty to avoid a lengthy judicial process." *Id.* at 38; Am. Compl., ECF No. 19 at 6 ¶ 19. On November 8, 2018, the AAO denied this second motion to reconsider, reiterating that it did "not have authority to go behind the judicial record of conviction to determine whether [Mr. Ledesma Paredes] was guilty or innocent of the charged offenses . . . absent evidence that the conviction was vacated or overturned for substantive or procedural defects in the underlying criminal proceedings." Ex. 5 to Compl., ECF No. 1-3 at 40. Because Mr. Ledesma Paredes did not submit any such evidence but rather "continue[d] to downplay his responsibility for [his] crimes," the AAO found no basis for reevaluating its prior conclusions and denied his request for reconsideration, concluding that Mr. Ledesma Paredes' "waiver request remains denied." *Id.* at 40-41.

15

On May 13, 2020, Plaintiffs filed the instant action
challenging USCIS' refusal to grant Mr. Ledesma Paredes a waiver
of inadmissibility and alleging that they have exhausted their
administrative remedies. *See* Compl., ECF No. 1 at 2 ¶¶ 1-4, 11 ¶
42. In their initial Complaint, Plaintiffs named the Secretary
of the U.S. Department of State as a defendant. *See id.* at 4 ¶
12. After Defendants filed a motion to dismiss on September 21,
2020, Plaintiffs filed their Amended Complaint on October 6,
2020, "altering the presentation of some of their claims and
removing the Secretary of State as a defendant." Defs.' Mem.,
ECF No. 21-1 at 11; *see generally* Am. Compl., ECF No. 19.

Although not delineated in specific counts, Plaintiffs'
Amended Complaint alleges claims under the APA and
"constitutional claims and questions of law under the INA,
including those arising from the denial of waivers of
inadmissibility." Am. Compl., ECF No. 19 at 3-4 ¶¶ 7-8.
Plaintiffs seek declaratory and injunctive relief and ask that
the Court: (1) "[a]ssume jurisdiction over this matter;" (2)
declare that USCIS made errors of law in concluding that Mr.
Ledesma Paredes "did not provide adequate evidence of his
eligibility [for] a waiver" and that such errors were unlawful
pursuant to the APA and the First Amendment to the U.S.
Constitution; (3) conclude that 8 C.F.R. § 212.7(d)—the federal
regulation governing USCIS' denial of his waiver application—is

constitutionally void for vagueness and thus unlawfully applied in the instant case; (4) compel Defendants to approve Mr. Ledesma Paredes' waiver application under the INA; and (5) award Plaintiffs attorney's fees and costs and any additional relief the Court deems just and proper. *Id.* at 16 ¶¶ 44-45.

On November 10, 2020, Defendants moved to dismiss Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot., ECF No. 21 at 1; Defs.' Mem., ECF No. 21-1 at 11-12. Plaintiffs filed their opposition brief on November 30, 2020, *see* Pls.' Opp'n, ECF No. 22-2; to which Defendants replied on January 14, 2021, *see* Defs.' Reply, ECF No. 25. On May 1, 2023, Defendants filed a Notice of Supplemental Authority "inform[ing] the Court that, on March 17, 2023, the [Court of Appeals for the District of Columbia Circuit ("D.C. Circuit")] resolved certain legal issues in Defendants' motion to dismiss . . . in [their] favor." *See* Defs.' Notice of Suppl. Authority in Supp. of Defs.' Mot. to Dismiss, ECF No. 27 at 1 (citing *Abuzeid v. Mayorkas*, 62 F.4th 578, 584 (D.C. Cir. 2023)). Defendants' Motion to Dismiss is now ripe and ready for the Court's adjudication.

## III. Standard of Review

### A. Rule 12(b)(1)—Subject-Matter Jurisdiction

"A federal district court may only hear a claim over which [it] has subject-matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44 (D.D.C. 2017) (citation omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), "the court need not limit itself to the allegations of the complaint." *Id.* (citing *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64, 107 S. Ct. 2246, 96 L. Ed. 2d 51 (1987)). Rather, the court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. Dist. of Columbia Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). "Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because [o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) (citations and internal quotation marks omitted).

### B. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v.*

19

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled in the complaint allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint[,]" *Atherton v. Dist. of Columbia Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation omitted); and the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged[,]" *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the court may not accept as true "the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014);

*see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation."); *Iqbal*, 556 U.S. at 678 (concluding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

## IV.  Analysis

Defendants contend that Plaintiffs' Amended Complaint can be divided into three claims. Defs.' Mem., ECF No. 21-1 at 11. First, Plaintiffs allege that USCIS' denial of Mr. Ledesma Paredes' application for a waiver of inadmissibility was arbitrary and capricious in violation of the APA. Am. Compl., ECF No. 19 at 2 ¶ 1. Second, Plaintiffs allege that in denying Mr. Ledesma Paredes a waiver of inadmissibility, USCIS "failed to properly select and weigh the [record] evidence" that he submitted in support of his application, a failure they claim involves "legal questions." Defs.' Mem., ECF No. 21-1 at 6, 11; *see* Am. Compl., ECF No. 19 at 2 ¶ 1, 7-10 ¶¶ 20-30; Pls.' Opp'n, ECF No. 22-2 at 10, 11-19. Third, Plaintiffs allege that the Court should conclude that 8 C.F.R. § 212.7(d) is unconstitutional because the phrase "violent or dangerous," as used in the regulation to categorize crimes that negate the favorable exercise of discretion in granting a waiver of inadmissibility "except in extraordinary circumstances," is void

for vagueness pursuant to the Supreme Court's decision in *Sessions v. Dimaya*, 584 U.S. ---, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). Am. Compl., ECF No. 19 at 2 ¶¶ 2-3.

Defendants "move to dismiss these claims in their entirety," arguing that Plaintiffs' "first two claims fail because the decision to deny a waiver of inadmissibility is committed to the discretion of the Attorney General, and a statutory jurisdictional bar explicitly forecloses judicial review." Defs.' Mem., ECF No. 21-1 at 6, 11. Because "[a] federal district court may only hear a claim over which [it] has subject-matter jurisdiction[,]" *Gregorio*, 238 F. Supp. 3d at 44; the Court first turns to the parties' jurisdictional arguments regarding Plaintiffs' APA claims before assessing the validity of their constitutional claim regarding 8 C.F.R. § 212.7(d), which Defendants argue should be dismissed for failure to state a claim, *see* Defs.' Mem. ECF No. 21-1 at 18-20.

### A. The Court Lacks Subject-Matter Jurisdiction to Review USCIS' Discretionary Decision to Deny Mr. Ledesma Paredes' Application for a Waiver of Inadmissibility

Regarding Plaintiffs' first argument that USCIS violated the APA, "through arbitrary and capricious actions," by denying Mr. Ledesma Paredes' application for a waiver of his grounds of inadmissibility, Am. Compl., ECF No. 19 at 2 ¶ 1; Defendants argue that the Court "is without jurisdiction to review USCIS' discretionary decision to deny" him this waiver pursuant to a

22

"jurisdictional bar" appearing in 8 U.S.C. § 1252(a)(2)(B)(i),
Defs.' Mem., ECF No. 21-1 at 13. Plaintiffs argue in opposition
that 8 U.S.C. § 1252(a)(2)(B)(i) "relates only to cases
concerning review of removal orders[,]" which is not the case
here, and therefore, it does not deprive the Court of subject-
matter jurisdiction. *See* Pls.' Opp'n, ECF No. 22-2 at 6-10. The
Court disagrees with Plaintiffs' interpretation of 8 U.S.C. §
1252(a)(2)(B)(i) and agrees with Defendants that the statute's
jurisdictional bar applies here to preclude judicial review of
Plaintiffs' APA claims relating to USCIS' discretionary decision
to deny a waiver of inadmissibility to Mr. Ledesma Paredes.

> 1. **The Jurisdictional Bar Provided in 8 U.S.C. §
>    1252(a)(2)(B)(i) Precludes Judicial Review of
>    USCIS' Denial of an Application for a Waiver of
>    Inadmissibility Based on Criminal Grounds**

"District courts have federal-question jurisdiction over
APA cases unless such review is precluded by a separate
statute." *Abuzeid*, 62 F.4th at 583 (citing *Califano v. Sanders*,
430 U.S. 99, 105-09, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)). As
relevant here, 8 U.S.C. § 1252(a)(2)(B), titled "Denials of
discretionary relief," states:

> Notwithstanding any other provision of law
> (statutory or nonstatutory), . . . and
> regardless of whether the judgment, decision,
> or action is made in removal proceedings, no
> court shall have jurisdiction to review—
>
> (i)    any judgment regarding the granting of
>        relief under section 1182(h) . . . .

23

8 U.S.C. § 1252(a)(2)(B)(i). As such, the plain language of this statute states that the Court lacks "jurisdiction to review" "all kinds of agency decisions that result in the denial of relief[,]" which therefore includes decisions by USCIS pursuant to section 1182(h) to deny foreign nationals' applications for a waiver of inadmissibility based on criminal grounds of inadmissibility. *Id.; see Abuzeid*, 62 F.4th at 584 (citing *Patel v. Garland*, 596 U.S. 328, 142 S. Ct. 1614, 1622, 212 L. Ed. 2d 685 (2022)); *see also* 8 U.S.C. § 1182(a)(2)(F) ("For provision authorizing waiver of certain ['criminal and related grounds' referenced in] this paragraph, see subsection (h).").

Here, USCIS determined that Mr. Ledesma Paredes was inadmissible to the U.S. based on three grounds, determinations which he does not now contest and never disputed in his various appeals to the AAO. *See, e.g.*, Ex. 2 to Compl., ECF No. 1-3 at 6; Ex. 5 to Compl., ECF No. 1-3 at 39. First, USCIS determined that Mr. Ledesma Paredes was inadmissible under 8 U.S.C. § 1182(a)(2)(A) because of his prior convictions for possession of a controlled substance and a CIMT, which it determined was a "violent or dangerous" crime. *See* Ex. 2 to Compl., ECF No. 1-3 at 5-7. Second, USCIS determined that Mr. Ledesma Paredes was inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i) because of his unlawful presence in the U.S. *Id.* at 6. Finally, USCIS determined that Mr. Ledesma Paredes was inadmissible under 8

U.S.C. § 1182(a)(9)(A)(ii) because of his prior removal from the
U.S. *See* Ex. 3 to Compl., ECF No. 1-3 at 12-13. Mr. Ledesma
Paredes therefore applied to USCIS for an I-601 waiver of
inadmissibility, with each of his three grounds of
inadmissibility corresponding to three potential grounds for a
waiver under the INA: (1) 8 U.S.C. § 1182(h), providing for
discretionary waivers of inadmissibility based on drug
possession violations and CIMTs; (2) 8 U.S.C. §
1182(a)(9)(B)(v), providing for discretionary waivers of
inadmissibility based on unlawful presence; and (3) 8 U.S.C. §
1182(a)(9)(A)(iii), providing for discretionary permission to
reapply for admission for foreign nationals previously removed
from the U.S. *See* Exs. 2 & 3 to Compl., ECF No. 1-3 at 5-6, 12.

In their Amended Complaint, Plaintiffs only challenge
USCIS' decision not to waive Mr. Ledesma Paredes' first ground
of inadmissibility based on his CIMT conviction under 8 U.S.C. §
1182(h).[6] Defs.' Mem., ECF No. 21-1 at 14; *see generally* Am.

---

[6] As Defendants state, since "the bulk of [Plaintiffs'] complaint
attack[s] the basis for USCIS's decision to deny [Mr. Ledesma
Paredes] a waiver of inadmissibility based on his criminal
history[,]" "[i]t does not appear that Plaintiffs specifically
challenge USCIS's separate decision not to waive [Mr. Ledesma
Paredes'] inadmissibility for unlawful presence or deny his
application for permission to reapply for admission following
his removal." Defs.' Mem., ECF No. 21-1 at 14 n.4. However,
USCIS concedes that its decision not to waive inadmissibility
based on Mr. Ledesma Paredes' unlawful presence and prior order
of removal "was solely because [he] was unable to obtain a

Compl., ECF No. 19. They argue that 8 U.S.C. § 1252(a)(2)(B)(i) does not apply to waivers of inadmissibility because section 1252 only "concerns review of removal orders[,]" as demonstrated by "[t]he very title of the statute"—"Judicial review of orders of removal"—and by alleged "specific indication[s]" of congressional intent to limit the scope of this provision "to review of removal orders." *See* Pls.' Opp'n, ECF No. 22-2 at 7-9.

The Court rejects Plaintiffs' first argument regarding the determinative effect of section 1252's title because it is directly contradicted "by the plain meaning of the statute." *Abuzeid*, 62 F.4th at 585. Section 1252(a)(2)(B) unambiguously states that the jurisdictional bar on judicial review applies "regardless of whether the judgment, decision, or action is made in removal proceedings[.]" 8 U.S.C. § 1252(a)(2)(B). It also specifically refers to agency decisions "regarding the granting of relief under section 1182(h)," *id.* § 1252(a)(2)(B)(i); which Plaintiffs concede is the statutory provision governing USCIS' discretionary decision whether to grant or deny inadmissibility waivers regarding an applicant's criminal history, *see* Pls.' Opp'n, ECF No. 22-2 at 8. As Defendants state, and the Court agrees, "[t]his unambiguous text clearly controls over Plaintiffs' sweeping inference from the six words that comprise

---

waiver of inadmissibility based on his criminal history." *Id.* (citing Ex. 3 to Compl., ECF No. 1-3 at 11-13).

the title of the section." Defs.' Reply, ECF No. 25 at 4; *see also Brotherhood of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528, 67 S. Ct. 1387, 91 L. Ed. 1646 (1947) ("That the heading of [the section] fails to refer to all the matters which the framers of that section wrote into the text is not an unusual fact. . . . [H]eadings and titles are not meant to take the place of the detailed provisions of the text.").

The Court also rejects Plaintiffs' second argument regarding congressional intent, where they contend that "[i]f Congress had desired" for the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i) to apply outside the context of removal orders, then it would have repeated the same language "in the sections of law that allow for waivers under 8 U.S.C. § 1182." Pls.' Opp'n, ECF No. 22-2 at 8. While Plaintiffs claim that the jurisdictional bar does not appear in the "broad language under" section 1182, *id.*; Defendants have correctly noted that "§ 1182(h) *does* in fact repeat the jurisdictional bar in § 1252(a)(2)(B)(i)" and "says in no uncertain terms: 'No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection[,]'" Defs.' Reply, ECF No. 25 at 4-5 (quoting 8 U.S.C. § 1182(h)(2)). Plaintiffs fail to acknowledge this language, instead contending that it would have been "clearer" if Congress had "simply

plac[ed]" an equivalent "broad judicial bar" in section 1182, which is in fact the case. Pls.' Opp'n, ECF No. 22-2 at 8.

If there was any remaining doubt that the Court lacks jurisdiction to review a USCIS decision to deny an application for a waiver of inadmissibility, the D.C. Circuit has recently settled the issue. In *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023), the D.C. Circuit analyzed 8 U.S.C. § 1252(a)(2)(B)(i) not in the context of USCIS' denial of an application for a waiver of inadmissibility, but in the context of USCIS' denial of an application to adjust immigration status to that of a lawful permanent resident under section 1255 of the INA. *See id.* at 579-81. In that case, USCIS had determined that the plaintiff was ineligible for adjustment of status and denied his application, leading the plaintiff and his U.S. citizen spouse to file suit in this District Court, challenging USCIS' decision as "arbitrary and capricious, an abuse of discretion, and contrary to law, in violation of the APA." *See id.* at 580-83. The government defendants moved to dismiss the *Abuzeid* plaintiffs' amended complaint for lack of subject-matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), and another judge from this court granted that motion. *Id.* at 582. On appeal, the D.C. Circuit affirmed that decision, concluding that section 1252(a)(2)(B)(i) "squarely applie[d]" and that "[t]he statute stripped the district court of subject-matter

jurisdiction over appellants' claims under the APA." *Id.* at 583-84.

In reaching this conclusion, the D.C. Circuit analyzed *Patel v. Garland*, 596 U.S. 328, 142 S. Ct. 1614, 212 L. Ed. 2d 685 (2022), in which the Supreme Court concluded that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), "federal courts lack jurisdiction to consider 'any authoritative decision' by USCIS that applies § 1255 and other enumerated provisions [of the INA.]" *Abuzeid*, 62 F.4th at 583 (citing *Patel*, 142 S. Ct. at 1621-22). The Supreme Court examined the "text and context" of section 1252(a)(2)(B)(i) and concluded that "[t]he provision does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment *regarding* the granting of relief under" the enumerated INA provisions. *Patel*, 142 S. Ct. at 1622 (emphasis in original). The Supreme Court emphasized that "the word 'any' has an expansive meaning" and "means that [section 1252(a)(2)(B)(i)] applies to judgments 'of whatever kind' under [those provisions], not just discretionary judgments or the last-in-time judgment." *Id.* (citations and some internal quotation marks omitted). Based on the Supreme Court's reasoning, the D.C. Circuit concluded that "*Patel* precludes review of all kinds of agency decisions that result in the denial of relief — whether they be discretionary or nondiscretionary, legal or factual[,]" and further concluded

that "the relevant jurisdiction-stripping language applies '*regardless* of whether the judgment, decision, or action is made in removal proceedings.'" *See Abuzeid*, 62 F.4th at 584 (quoting 8 U.S.C. § 1252(a)(2)(B) and explaining that "[t]he 'regardless' clause 'makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context'" (citation omitted)).

Applied here, the Court again concludes that consideration of Plaintiffs' claims under the APA "is foreclosed by a straightforward application of" section 1252(a)(2)(B)(i). *Id.* at 583. Although *Abuzeid* analyzed an application for adjustment of status under 8 U.S.C. § 1255, the same logic applies to an application for a waiver of inadmissibility under 8 U.S.C. § 1182(h), as both provisions of the INA are enumerated in section 1252(a)(2)(B)(i). That section unambiguously states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h) . . . or 1255 of this title[.]" 8 U.S.C. § 1252(a)(2)(B)(i).

Other U.S. courts of appeal have reached the same conclusion that the federal courts lack subject-matter jurisdiction to review any discretionary decision regarding a foreign national's application for a waiver of inadmissibility. *See, e.g.*, *Munis v. Holder*, 720 F.3d 1293, 1295 (10th Cir. 2013) (concluding that "the hardship determination required for a

waiver of inadmissibility under § 1182(h)(1)(B) is an
unreviewable discretionary decision"); *Berlus v. Napolitano*, 502
F. App'x 206, 209 (3d Cir. 2012) ("Section 1182(h) of title 8
commits the decision to grant or deny a waiver of
inadmissibility to the Attorney General and § 1252(a)(2)(B) of
that title precludes judicial review of such determinations.");
*Gahamanyi v. Holder*, 348 F. App'x 189, 190 (8th Cir. 2009) ("We
lack jurisdiction to review [a] denial of a section 1182(h)
waiver of inadmissibility[.]"); *Rodrigues-Nascimento v.
Gonzales*, 485 F.3d 60, 62 (1st Cir. 2007) (same); *Bugayong v.
INS*, 442 F.3d 67, 72 (2d Cir. 2006) (same); *Jean v. Gonzales*,
435 F.3d 475, 480 (4th Cir. 2006) (same).

Plaintiffs lastly argue that if 8 U.S.C. § 1252(a)(2)(B)(i)
was not limited to "review of decisions in a removal case[,]"
then applicants such as Mr. Ledesma Paredes would be left
"unable to challenge constitutional or other questions of law
once the agency has made a decision." Pls.' Opp'n, ECF No. 22-2
at 9. However, the Supreme Court explained in *Patel* that the
jurisdictional "bar has an important qualification: 'Nothing in
subparagraph (B) . . . shall be construed as precluding review
of constitutional claims or questions of law raised upon a
petition for review filed with an appropriate court of appeals
in accordance with this section.'" 142 S. Ct. at 1619 (quoting 8
U.S.C. § 1252(a)(2)(D)). The D.C. Circuit also explained that

"[t]he only remaining avenue for relief from a denial of [a waiver of inadmissibility] is provided by § 1252(a)(2)(D), which allows review of 'constitutional claims or questions of law' raised in removal proceedings[.]" *See Abuzeid*, 62 F.4th at 585-86 ("Despite understanding that its ruling might lead to the insulation of USCIS decisions from judicial review, the [Supreme] Court [in *Patel*] declined to interpret the statute to avoid that very consequence, stating that 'policy concerns cannot trump the best interpretation of the statutory text.'" (quoting *Patel*, 142 S. Ct. at 1627)). Plaintiffs' argument is therefore meritless.

Accordingly, the Court concludes that pursuant to the jurisdictional bar provided in 8 U.S.C. § 1252(a)(2)(B)(i), it lacks subject-matter jurisdiction to review USCIS' discretionary decision to deny Mr. Ledesma Paredes' application for a waiver of inadmissibility based on his criminal history, and it must dismiss Plaintiffs' claims under the APA.[7]

---

[7] In their opposition brief, Plaintiffs argue that if the Court were to find the question of jurisdiction a "close question," then it "should defer any decision on jurisdiction until the parties have each presented their cases." Pls.' Opp'n, ECF No. 22-2 at 10. Given the above analysis, the Court does not find the question of subject-matter jurisdiction to be a "close question," and it rejects Plaintiffs' invitation to defer its decision on jurisdiction, as "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007) (citation omitted).

2. **The Jurisdictional Bar Provided in 8 U.S.C. §
   1252(a)(2)(B)(i) Applies to Discretionary and
   Non-Discretionary Agency Decisions Involving
   "Questions of Law"**

Plaintiffs argue that even if the jurisdictional bar in 8

U.S.C. § 1252(a)(2)(B)(i) applies, their claims are not

precluded by it because "[d]iscretionary decisions are within

the Court's jurisdiction when they include the application of a

legal standard, which is a 'question of law.'" *See* Pls.' Opp'n,

ECF No. 22-2 at 11-20 (arguing that discretionary decisions,

such as the decision to deny a waiver of inadmissibility,

"contain questions of fact and law"). They argue that

"[q]uestions of law can indeed be reviewed by courts," *id.* at

11; and that their Amended Complaint presents "[t]hree questions

of law" that they allege are reviewable "despite the

jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i)[,]" *see id.* at

13-20; Am. Compl., ECF No. 19 at 6 ¶ 19.

First, Plaintiffs argue that it is a "question of law" as

to whether the AAO engaged in "an incorrect fact-based inquiry

[that] led to the [improper] application of 8 C.F.R. § 212.7(d)"

to Mr. Ledesma Paredes' waiver application. Pls.' Opp'n, ECF No.

22-2 at 13; Am. Compl., ECF No. 19 at 7-8 ¶¶ 21-23. They allege

that the AAO, in deciding to apply the "violent or dangerous"

standard set forth in 8 C.F.R. § 212.7(d) to Mr. Ledesma

Paredes' assault conviction, incorrectly "look[ed] beyond the

33

[court] record to a police report" indicating that he brandished
a knife at another driver during the incident in question. *See*
Pls.' Opp'n, ECF No. 22-2 at 13-15; Am. Compl., ECF No. 19 at 7-
8 ¶¶ 21-23. Second, Plaintiffs argue that it is a "question of
law" as to whether USCIS improperly applied 8 C.F.R. § 212.7(d)
against its own "policy and procedure" by assigning too much
weight to Mr. Ledesma Paredes' lack of remorse for his crimes
while "ignor[ing] all positive evidence" of his rehabilitation,
good moral character, "and even the truth of what happened in
[his] criminal case[.]" *See* Pls.' Opp'n, ECF No. 22-2 at 15-17;
Am. Compl., ECF No. 19 at 8-10 ¶¶ 24-29. Lastly, Plaintiffs
argue that it is a "question of law" as to whether USCIS "made a
complete divergence from prior decisions in its application of 8
C.F.R. § 212.7(d)" by deeming Mr. Ledesma Paredes' crime to be
both "violent" and "dangerous," especially since the record from
his criminal case allegedly did not describe any specific
physical injury to another person. *See* Pls.' Opp'n, ECF No. 22-2
at 17-20; Am. Compl., ECF No. 19 at 10-11 ¶ 30.

Defendants reject each of these three claims on the basis
that "Plaintiffs' contention that the jurisdictional bar in §
1252(a)(2)(B)(i) does not apply to questions of law" is legally
flawed. Defs.' Mem., ECF No. 21-1 at 16. The Court agrees. As
discussed above, the D.C. Circuit concluded in *Abuzeid* that 8
U.S.C. § 1252(a)(2)(B)(i) precludes review of *all* agency

decisions, both discretionary and nondiscretionary, "legal or factual," "that result in the denial of relief." 62 F.4th at 584. So too has the Supreme Court stated that the jurisdictional bar in section 1252(a)(2)(B)(i) is not restricted "to certain kinds of decisions" and precludes "review of *any* judgment *regarding* the granting of relief under" the enumerated INA provisions, including 8 U.S.C. § 1182(h). *Patel*, 142 S. Ct. at 1622 (emphasis in original); *see also Jimenez Verastegui v. Wolf*, 468 F. Supp. 3d 94, 99 (D.D.C. 2020) (concluding that "it is of no moment that USCIS's judgment in refusing to grant [ ] relief [from removal] turned on a legal interpretation" because 8 U.S.C. § 1252(a)(2)(B) "does not distinguish 'between judgments that are discretionary and judgments that are purely legal'" (quoting *Djodeir v. Mayorkas*, 657 F. Supp. 2d 22, 24 (D.D.C. 2009))), *appeal dismissed by Verastegui v. Wolf*, No. 20-5215, 2020 WL 8184637 (D.C. Cir. Dec. 11, 2020). Accordingly, it is irrelevant that Plaintiffs have classified their claims as "questions of law" because the Court still lacks subject-matter jurisdiction to entertain them under the plain language of 8 U.S.C. § 1252(a)(2)(B)(i).

In any event, Defendants argue, and the Court agrees, that "self-serving labels notwithstanding, [Plaintiffs'] challenges do not present 'questions of law,' but instead seek to challenge the very substance of the discretionary decision not to grant

[Mr. Ledesma] Paredes a waiver of inadmissibility[,]" Defs.'
Mem., ECF No. 21-1 at 16; by "target[ing] the agency's weighing
and consideration of evidence," Defs.' Reply, ECF No. 25 at 6.
For example, questions as to whether the AAO appropriately
looked beyond the record to give "suspect" evidentiary weight to
a police report indicating Mr. Ledesma Paredes brandished a
knife, *see* Pls.' Opp'n, ECF No. 22-2 at 14; whether it correctly
balanced and considered all the positive and negative evidence
in Mr. Ledesma Paredes' case, *see id.* at 16-17; and whether the
lack of serious physical injury to the other driver in the
altercation with Mr. Ledesma Paredes should negate the AAO
deeming his crime "violent or dangerous," *see id.* at 18-19;
although styled as "constitutional claims and questions of law,"
*id.* at 12; are actually all questions that, "[s]tripped of
Plaintiffs['] legal rhetoric," "are not accurately characterized
as legal in nature[,]" Defs.' Reply, ECF No. 25 at 6.

Instead, they are more appropriately viewed as "evidentiary
and factual determinations [that] fall squarely within" USCIS'
discretionary authority to decide an application for a waiver of
inadmissibility, which is unreviewable by the Court. *Id.*; *see,
e.g.*, *Nasrallah v. Barr*, 590 U.S. ---, 140 S. Ct. 1683, 1693-94,
207 L. Ed. 2d 111 (2020) (noting that "§ 1252(a)(2)(B)[] states
that a noncitizen may not bring a factual challenge to orders
denying discretionary relief, including . . . certain

inadmissibility waivers"); *Kucana v. Holder*, 558 U.S. 233, 247-48, 130 S. Ct. 827, 175 L. Ed. 2d 694 (2010) (concluding that "substantive" decisions as to "whether aliens can stay in the country or not[,]" including via "waivers of inadmissibility based on certain criminal offenses, § 1182(h)," are "insulat[ed] . . . from judicial review" under 8 U.S.C. § 1252(a)(2)(B)(i)); *Lemuz-Hernandez v. Lynch*, 809 F.3d at 392, 393-94 (8th Cir. 2015) (concluding that claims that were "nominally a question of law or constitutionality . . . actually amount[ed] to a challenge to how the agency weighed the evidence" in reviewing an application for cancellation of removal, which pursuant to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i), were "outside [the court's] jurisdiction to review"); *Hassrouny v. Holder*, 363 F. App'x 449, 450 (9th Cir. 2010) ("Hassrouny's contention that the [immigration judge] improperly weighed the evidence in her case does not present a colorable constitutional claim or question of law over which this court may exercise jurisdiction."); *Palmer v. Att'y Gen. of the U.S.*, 418 F. App'x 138, 142 (3d Cir. 2011) ("To the extent [the plaintiff] argues that the [agency] incorrectly weighed the evidence because more weight should have been given to the positive factors over the other factors, [the Court] reiterate[s] that [it] lack[s] jurisdiction to consider the [agency's] exercise of discretion."); *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir.

2009) (stating that an agency "does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy").

As a result, the Court rejects Plaintiffs' contention that they have alleged "an error of law" in USCIS' and the AAO's "use and application of the standard in 8 C.F.R. § 212.7(d)[,]" Pls.' Opp'n, ECF No. 22-2 at 12; as they cannot "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion," *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2007) (explaining that "'exceptional and extremely unusual hardship' determinations [under 8 C.F.R. § 212.7(d)] . . . are discretionary judgments" over which courts cannot exercise jurisdiction to review (citation and some internal quotation marks omitted)); *see also Velaquez v. Sessions*, 713 F. App'x 282, 285 (5th Cir. 2017) (concluding that a plaintiff may not circumvent the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B) and "secure jurisdiction by simply framing as a legal issue his challenge to the [agency's] evaluation of the evidence in order to cloak his request for review of a discretionary decision"); Defs.' Reply, ECF No. 25 at 6-8 (explaining why each of the cases cited by Plaintiffs in their opposition brief to support their contention that the application of the standard in 8 C.F.R. § 212.7(d) is a judicially reviewable question of law are

38

unavailing, as none of them imply that the Court may review

USCIS' "actual weighing of the evidence or factual findings").[8]

Plaintiffs next argue that the jurisdictional bar in 8

U.S.C. § 1252(a)(2)(B)(i) is inapplicable here because they "are

asking that this Court pass judgment on if USCIS is complying

with its own procedures when it ignore[d] evidence completely"

and when it "made a complete divergence from prior [AAO]

decisions in its application of 8 C.F.R. § 212.7(d)." *See* Pls.'

Opp'n, ECF No. 22-2 at 15-20. Caselaw indicates that the

jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i) does not

foreclose claims that the agency "is, as a matter of general

course, not complying with [its] policies and procedures." *See,*

*e.g.*, *Damus v. Nielsen*, 313 F. Supp. 3d 317, 327 (D.D.C. 2018)

---

[8] Even if, contrary to the above analysis, the Court were to
conclude that Plaintiffs had presented "constitutional claims
and questions of law," *see* Pls.' Opp'n, ECF No. 22-2 at 11-12; 8
U.S.C. § 1252(a)(2)(D) specifically instructs them to raise
these issues in "a petition for review filed with an appropriate
court of appeals," which this Court is not, *see Abuzeid v.
Mayorkas*, 62 F.4th 578, 585 (D.C. Cir. 2023) ("The only
remaining avenue for relief from a denial of [an application for
a waiver of inadmissibility] is provided by § 1252(a)(2)(D),
which allows review of 'constitutional claims or questions of
law' raised in removal proceedings, 'upon a petition for review
[of a final order of removal] filed with an appropriate court of
appeals.'" (quoting 8 U.S.C. § 1252(a)(2)(D))); *Guerrero-
Lasprilla v. Barr*, 589 U.S. ---, 140 S. Ct. 1062, 1068-70, 206
L. Ed. 2d 271 (2020) (concluding that in cases "involving aliens
who are removable for having committed certain crimes[,]" courts
of appeals (not district courts) have jurisdiction to consider
"constitutional claims or questions of law" under section
1252(a)(2)(D), which "includes the application of a legal
standard to undisputed or established facts").

(applying this rule to the similar jurisdictional bar in 8
U.S.C. § 1252(a)(2)(B)(ii)); *Zadvydas v. Davis*, 533 U.S. 678,
688, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (concluding that
the similar jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii)
permits claims "challeng[ing] the extent of the [agency's]
authority," which "is not a matter of discretion"); *R.I.L-R v.
Johnson*, 80 F. Supp. 3d 164, 176 (D.D.C. 2015) (allowing
plaintiffs to challenge, under a similar jurisdictional bar in 8
U.S.C. § 1226(e), "an overarching agency policy as unlawful
under the INA," which fell "*outside* the bounds of its delegated
discretion[,]" but concluding that the court lacked jurisdiction
to review the agency's discretionary determinations).

Here, Plaintiffs have attempted to evade 8 U.S.C. §
1252(a)(2)(B)(i)'s jurisdictional bar on judicial review by
styling their claims as allegations of agency non-compliance
with USCIS' policies, procedures, and precedent, but a close
look at the allegations in the Amended Complaint and the
arguments in Plaintiffs' opposition brief reveals that they are
actually challenging the substance of the agency's discretionary
decision-making. For example, although Plaintiffs claim they are
not "inquir[ing] into the specifics of if the AAO [was] correct
in its weighing of factors in its discretionary decision," but
rather alleging that USCIS "misread[]" its own policies by
ignoring "positive evidence," this argument boils down to

whether the AAO properly balanced evidence of Mr. Ledesma
Paredes' rehabilitation and good moral character against
evidence of his lack of remorse for his crimes. *See* Pls.' Opp'n,
ECF No. 22-2 at 16-17; Defs.' Reply, ECF No. 25 at 3 ("The crux
of their argument is that USCIS put too much weight on evidence
unfavorable to [Mr. Ledesma] Paredes and not enough weight on
evidence favorable to [him].").[9] Additionally, Plaintiffs merely
use prior AAO decisions to argue that the Court should "second-
guess USCIS's discretionary" decision to deem Mr. Ledesma
Paredes' crime "violent or dangerous," Defs.' Reply, ECF No. 25
at 10; based on the fact that his "case [was] one in which there
was no injury at all[,]" Pls.' Opp'n, ECF No. 22-2 at 19. This
is precisely the type of judicial review that 8 U.S.C. §
1252(a)(2)(B)(i) forecloses, as the Court is without
jurisdiction to assess "factual challenge[s]" to the denial of
inadmissibility waivers, *Nasrallah*, 140 S. Ct. at 1694; or to

---

[9] Furthermore, even drawing all inferences in Plaintiffs' favor,
the exhibits to the Complaint negate their allegations that the
AAO "purposefully ignore[d] evidence," conflated evidence of Mr.
Ledesma Paredes' rehabilitation and remorse, or made a decision
that was "without rational justification" and based on fact-
finding that was "flawed by an error of law." *See* Pls.' Opp'n,
ECF No. 22-2 at 13, 16-17 (citations omitted); Ex. 5 to Compl.,
ECF No. 1-3 at 34-36 (recognizing "several favorable
considerations in this case, including [Mr. Ledesma Paredes']
significant family ties in the [U.S.], [his] community and
employment ties in the [U.S.] the payment of taxes, and support
letters on his behalf[,]" but concluding that the negative
factors were "far more significant").

"inquire into the specific strengths or weaknesses of the . . .

decisions under dispute," *Damus*, 313 F. Supp. 3d at 327.

For all these reasons, the Court concludes that, pursuant

to the applicable jurisdictional bar in 8 U.S.C. §

1252(a)(2)(B)(i), it is without subject-matter jurisdiction to

review USCIS' decision to deny Mr. Ledesma Paredes' application

for a waiver of inadmissibility; and it must dismiss Plaintiffs'

arbitrary and capricious claims under the APA, regardless of

whether those claims involve true "questions of law" as opposed

to questions regarding the agency's evidentiary and fact-finding

determinations; and it therefore cannot proceed to analyzing the

merits of "the substance of USCIS's discretionary denial of [Mr.

Ledesma Paredes'] waiver[.]" Defs.' Mem., ECF No. 21-1 at 17.[10]

### B. Plaintiffs Have Failed to Plead a Viable Constitutional Claim That 8 C.F.R. § 212.7(d) Should Be Void for Vagueness

Plaintiffs next "attempt to invalidate the applicable

regulation[, 8 C.F.R. § 212.7(d),] altogether, arguing that it

is void for unconstitutional vagueness." Defs.' Reply, ECF No.

25 at 3; *see* Pls.' Opp'n, ECF No. 22-2 at 20-23; Am. Compl., ECF

---

[10] Defendants provide further arguments as to why the Court
should "find Plaintiffs' attacks on [USCIS'] decision to be
wholly without merit in every respect" should the Court have
concluded that it could exercise jurisdiction to consider them.
*See* Defs.' Mem., ECF No. 21-1 at 17-18; Defs.' Reply, ECF No. 25
at 8-10. Because it has determined that it lacks subject-matter
jurisdiction over Plaintiffs' APA claims, the Court finds it
unnecessary to address Defendants' additional merits arguments.

No. 19 at 2 ¶¶ 2-3, 11-15 ¶¶ 31-40. They argue that the phrase
"violent or dangerous," as used in that regulation to describe
crimes that negate the favorable exercise of discretion on an
application for a waiver of inadmissibility, "is so vague that
its application is completely inconsistent . . . and gives no
guarantee that ordinary people have 'fair notice' of the conduct
that a statute [and its implementing regulation] proscribes."
Pls.' Opp'n, ECF No. 22-2 at 20 (citing *Papachristou v. City of
Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 31 L. Ed. 2d 110
(1972)). Defendants argue that Plaintiffs' constitutional claim
should be dismissed under Federal Rule of Civil Procedure
12(b)(6) for failure to state a claim, Defs.' Mem., ECF No. 21-1
at 18; because "there is no unconditional vagueness in the term
'violent or dangerous' as used in § 212.7(d)[,]" Defs.' Reply,
ECF No. 25 at 11.

    8 C.F.R. § 212.7(d) states that "[t]he Attorney General, in
general, will not favorably exercise discretion" to grant a
waiver of inadmissibility "in cases involving violent or
dangerous crimes, except in extraordinary circumstances, such as
. . . cases in which an alien clearly demonstrates that the
denial of the application . . . would result in exceptional and
extremely unusual hardship." In support of their argument that
the phrase "violent or dangerous" as used by 8 C.F.R. § 212.7(d)
is unconstitutionally vague, Plaintiffs cite to the Supreme

Court's decision in *Sessions v. Dimaya*, 584 U.S. ---, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), arguing that the issues here are "similar to the issues brought under" that case. Pls.' Opp'n, ECF No. 22-2 at 20. Defendants counter that "*Dimaya* does not apply here[,]" Defs.' Mem., ECF No. 21-1 at 19; and that since Plaintiffs have "present[ed] no other authority in support of their position[,]" their constitutional claim must be dismissed, Defs.' Reply, ECF No. 25 at 11.

In *Dimaya*, the Supreme Court analyzed the definition of the term "crime of violence" appearing in a statutory residual clause, 18 U.S.C. § 16(b), as incorporated into the definition of an "aggravated felony" in section 101(a)(43)(F) of the INA (8 U.S.C. § 1101(a)(43)(F)). 138 S. Ct. at 1210-11. Prior to the Supreme Court's decision in *Dimaya*, the residual clause in 18 U.S.C. § 16 defined "crime of violence," in part, as an offense "'that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Id.* at 1211 (quoting 18 U.S.C. § 16(b)). To determine whether a crime met section 16(b)'s residual definition, courts were required to employ a "categorical approach," which "turns on the 'nature of the offense' generally speaking[,]" or "[m]ore precisely, . . . whether 'the ordinary case' of an offense poses the requisite risk[,]" *i.e.*, the possible use of physical force. *Id.* (quoting

44

*James v. United States*, 550 U.S. 192, 208, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007)). However, after analyzing the residual clause defining a "crime of violence," the Supreme Court concluded the clause "could not pass constitutional muster" and must be void for vagueness because of: (1) the unpredictability involved in ascertaining "the conduct entailed in a crime's 'ordinary case[;]'" and (2) the "uncertainty about the level of risk that makes a crime 'violent.'" *Id.* at 1214-16.

Plaintiffs argue that "if the Supreme Court can find part of [18 U.S.C. § 16(b)] void for vagueness because of the inconsistency in application[,] then it stands to reason that the same can be said for 8 C.F.R. § 212.7(d)." Pls.' Opp'n, ECF No. 22-2 at 20. The Court disagrees. First and foremost, in *Dimaya*, the Supreme Court did not address the definition of a "violent or dangerous" crime in 8 C.F.R. § 212.7(d), instead limiting its focus to 18 U.S.C. § 16(b)'s residual definition of a "crime of violence." Second, the Supreme Court did not conclude that the phrase "crime of violence" itself was unconstitutionally vague but rather that 18 U.S.C. § 16(b)'s residual clause containing that definition was unconstitutionally vague. Here, there is no analogous concern, as 8 C.F.R. § 212.7(d) "refers only to 'violent or dangerous crime[s]' with no residual definition like that disapproved in *Dimaya*[.]" Defs.' Mem., ECF No. 21-1 at 7.

45

Third, the Court concludes that the term "crime of
violence" used in 18 U.S.C. § 16(b) is distinct from the phrase
"violent or dangerous crime[]" used in 8 C.F.R. § 212.7(d). As
the AAO explained in its September 11, 2017 denial of Mr.
Ledesma Paredes' I-601 application, although "[t]he words
'violent' and 'dangerous' and the phrase 'violent or dangerous
crimes' are not further defined in the regulation or caselaw[,]
. . . defining and applying the 'violent or dangerous crime'
discretionary standard is distinct from [a] determination that a
crime is [a 'crime of violence' and therefore] an aggravated
felony[.]" Ex. 2 to Compl., ECF No. 1-3 at 6 (citing *Waiver of
Criminal Grounds of Inadmissibility for Immigrants*, 67 Fed. Reg.
78,675, 78,677-78 (Dec. 26, 2002) (to be codified at 8 C.F.R.
pt. 212)). Pursuant to its discretionary authority, the AAO
defines "violent or dangerous" "according to the ordinary
meanings of those terms[,]" *see id.* at 6-7 (defining "violent"
and "dangerous" according to the definitions in *Black's Law
Dictionary* (9th ed. 2009)); and is "not limited to a categorical
inquiry but may consider both the statutory elements and the
nature of the actual offense[,]" *id.* at 7 (citing *Torres-
Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015); *Waldron
v. Holder*, 688 F.3d 354, 359 (8th Cir. 2012)).[11] Therefore, as

---

[11] Plaintiffs argue that prior AAO decisions have "almost always
include[d]" language that "the definition of a crime of violence

Defendants correctly explain, 8 C.F.R. § 212.7(d) "does not present the same vagueness problem identified in *Dimaya* because the term 'violent or dangerous crime' is not defined," similar to a "crime of violence," "to require a categorical approach whereby the decisionmaker must determine an 'ordinary case' of a given class of crimes [and whether they] pose[] a substantial risk of physical force being applied against a person or property." Defs.' Reply, ECF No. 25 at 11 (citing *Dimaya*, 138 S. Ct. at 1211, 1215-16).[12]

Here, the AAO determined that the heightened discretionary standard under 8 C.F.R. § 212.7(d) applied to Mr. Ledesma Paredes and required the denial of his waiver application because "the specific circumstances and nature as well as the statutory elements of [his] offense" made the crimes underlying his convictions for aggravated assault with a deadly weapon,

---

found in 18 U.S.C. § 16 [can be used] as guidance in determining whether a crime is a violent crime under 8 C.F.R. § 212.7(d)[.]" Pls.' Opp'n, ECF No. 22-2 at 20-21. However, they cite no authority to support this contention, and this language does not appear in any of the AAO decisions issued to Mr. Ledesma Paredes. *See* Exs. 2 & 5 to Compl., ECF No. 1-3 at 5-9, 32-41. The only place the Court found language similar to that quoted by Plaintiffs is in Exhibit 4 to the Complaint, which is a redacted copy of an AAO decision in another individual's case from May 27, 2010. *See* Ex. 4 to Compl., ECF No. 1-3 at 23. Given that this AAO opinion is unrelated to Plaintiffs' case, the Court concludes that this argument is unpersuasive.
[12] Plaintiffs argue that "[o]ne would assume that . . . the government would reserve use of 8 C.F.R. § 212.7(d) for the most heinous crimes[.]" Pls.' Opp'n, ECF No. 22-2 at 22. The Court is unpersuaded by this argument.

battery, and throwing a deadly missile at an occupied vehicle both "violent" and "dangerous"—"violent" because he threatened another person with a knife and threw a heavy object at that individual, and "dangerous" because the brandishing of any weapon in an altercation, especially one in a moving motor vehicle on a roadway, is dangerous. Exs. 2 & 5 to Compl., ECF No. 1-3 at 7, 35. Because neither the language of 8 C.F.R. § 212.7(d) nor the AAO's application of that regulation to the facts of Mr. Ledesma Paredes' case involved the "ordinary case" inquiry that *Dimaya* found to be unconstitutionally vague, the Court rejects Plaintiffs' attempt at an analogous application of *Dimaya* to the instant case.[13] *See* Defs.' Mem., ECF No. 21-1 at 19 (explaining that Mr. Ledesma Paredes was subjected to 8 C.F.R. § 212.7(d) for "his actual crimes that were violent and dangerous" and "not because the 'ordinary case' of the crimes for which he was convicted present a 'substantial risk' of violence"); Defs.' Reply, ECF No. 25 at 11 (arguing that "[t]here [was] no

---

[13] Plaintiffs argue that "the language of the [regulation] itself makes it unclear when the standard will apply" because of the wording "in general." Pls.' Opp'n, ECF No. 22-2 at 23; *see* 8 C.F.R. § 212.7(d) ("The Attorney General, *in general*, will not favorably exercise discretion . . . with respect to immigrant aliens who are inadmissible . . . in cases involving violent or dangerous crimes[.]" (emphasis added)). For the above reasons, the Court is unpersuaded by this argument, and it also rejects Plaintiffs' contention that the wording "in general" makes the regulation "illegal." Pls.' Opp'n, ECF No. 22-2 at 23.

vagueness" in the AAO's application of the facts of Mr. Ledesma
Paredes' case to the phrase "violent or dangerous").

Additionally, the Court agrees with Defendants' argument
that 8 C.F.R. § 212.7(d) is not unconstitutionally vague because
the regulation provides "fair notice" of the underlying conduct
proscribed by statute that would lead the Attorney General to
find an offense "violent or dangerous" and not favorably
exercise discretion in granting a waiver of inadmissibility. *See*
Defs.' Mem., ECF No. 21-1 at 20; Defs.' Reply, ECF No. 25 at 11;
*see also Papachristou*, 405 U.S. at 162 (concluding that an
ordinance was "void for vagueness" because it "fail[ed] to give
a person of ordinary intelligence fair notice that his
contemplated conduct [was] forbidden by the statute" (citation
and internal quotation marks omitted)). Here, the underlying
conduct proscribed by statute that rendered Mr. Ledesma Paredes
inadmissible was his commission of a "crime involving moral
turpitude," *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I); a term which the
Supreme Court has already analyzed and determined is not
unconstitutionally vague, *see Jordan v. De George*, 341 U.S. 223,
229-32, 71 S. Ct. 703, 95 L. Ed. 886 (1951) (concluding that
there is no "trace of judicial expression which hints that the
phrase ["CIMT"] is so meaningless as to be a deprivation of due
process"). Accordingly, since the underlying conduct—the grounds
of inadmissibility themselves—are not unconstitutionally vague,

neither can it be determined that the guiding standard in 8 C.F.R. § 212.7(d) is unconstitutionally vague, as the regulation is used by the Attorney General (and USCIS as his designee) to exercise discretion to waive those grounds of inadmissibility. *See* Defs.' Mem., ECF No. 21-1 at 20. As Defendants argue, Mr. Ledesma Paredes therefore "cannot claim that he lacked the requisite notice of the sort of conduct that would render him inadmissible." *Id.*

Finally, in support of its conclusion, the Court notes that several U.S. courts of appeal have previously concluded that the heightened discretionary standard in 8 C.F.R. § 212.7(d) used in determining whether to waive inadmissibility based on "violent or dangerous crimes" is a valid exercise of the Attorney General's authority. For example, the Court of Appeals for the Ninth Circuit has concluded that "8 C.F.R. § 212.7(d) is a permissible exercise of the Attorney General's authority and [that] the regulation may be applied to convictions that became final before the effective date of the regulation." *Mejia v. Gonzales*, 499 F.3d 991, 993 (9th Cir. 2007). The Courts of Appeal for the Fifth and Seventh Circuits both affirmed use of the standard articulated in section § 212.7(d) before it was formally codified. *See Jean v. Gonzales*, 452 F.3d 392, 396-98 (5th Cir. 2006) (concluding that "the Attorney General acted in his broad, discretionary authority when he denied [the

plaintiff's] waiver application based on a "heightened 'extreme hardship' standard" applied to immigrant applicants who engaged in "dangerous or violent crimes"); *Ali v. Achim*, 468 F.3d 462, 466-67 (7th Cir. 2006) (concluding that "the Attorney General did not exceed his statutory authority when he articulated the heightened waiver standard . . . for violent or dangerous criminal refugees"), *cert. granted*, 551 U.S. 1188, 128 S. Ct. 29, 168 L. Ed. 2d 806 (2007), *and cert. dismissed*, 552 U.S. 1085, 128 S. Ct. 828, 169 L. Ed. 2d 624 (2007); *see also Rivas-Gomez v. Gonzales*, 225 F. App'x 680, 683 (9th Cir. 2007) (stating that "the Attorney General has broad discretion to grant or deny waivers" and that the heightened waiver standard established to govern the exercise of this discretion "for aliens convicted of violent or dangerous crimes is rationally related to the national immigration policy of not admitting aliens who would be a danger to society"). Although these courts were not similarly assessing a constitutional void for vagueness challenge to 8 C.F.R. § 212.7(d), their decisions support this Court's conclusion that the regulation should not be invalidated.

For all the above reasons, the Court concludes that Plaintiffs have failed to plead a viable constitutional claim that 8 C.F.R. § 212.7(d) should be declared void for vagueness, and it dismisses that claim for failure to state a claim.

**V.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants'
Motion to Dismiss, ECF No. 21; and **DISMISSES** Plaintiffs' Amended
Complaint, ECF No. 19. An appropriate Order accompanies this
Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**December 14, 2023**